IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00636-BNB

JAMES R. LAWSON,

    Plaintiff,

v.

JUDGE HERBERT L. STERN, III,
JUDGE FRANK PLAUT,
JUDGE CONNIE PETERSON, and
JUDGE ANTHONY VOLLACK,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 1 2010

GREGORY C. LANGHAM
              CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, James R. Lawson, has filed *pro se* a Complaint alleging that Defendants violated his civil rights during the course of litigation in the Denver District Court. Mr. Lawson asserts that each Defendant is a judge in the Denver District Court. He seeks damages as relief.

Mr. Lawson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss this action at any time if Mr. Lawson is seeking monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the action pursuant to § 1915(e)(2)(B)(iii).

The Court must construe the Complaint liberally because Mr. Lawson is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Complaint is held to

standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

As noted above, Mr. Lawson claims that Defendants violated his rights during the course of litigation in the Denver District Court:

> This case is based on Denver District Court Case # 2008 CV 8218,[1] where the defendants on February 17, 2009, in a conspiracy with the Defense attorneys for Denver Health Authority/DBA Denver Health, Porter Adventist Hospital, Radiology Imaging Services, and Inpatient Services, dismissed a complaint by the plaintiff, as a medical malpractice suit and not for violations of his civil rights under 42 U.S.C. 21 §§ 1981, 1981A, 1983, & 1988 CIVIL RIGHTS, under 42 U.S.C. 1395 cc (a) FEDERAL PATIENT SELF DETERMINATION ACT 1990 and 1395 (dd) EMTALA; and 18 U.S.C. 96 § 1961 - 1968. (RICO) RACKETEER INFLUENCED AND CORRUPT ORGANIZATION; and abuse of an at risk senior adult under C.R.S. 18-6.5-103. 3(a) (b) (c) Crimes against at-risk adults and at-risk juveniles – classifications, without a trial or evidentiary hearing.

(Complaint at p.2-Supp. p.2.2, ¶6.) More specifically, Mr. Lawson alleges that on November 18, 2008, Judge Frank Plaut denied his motion to add a defendant in the state court case; that on December 22, 2008, Judge Connie Peterson denied his motion to amend the state court complaint; that on January 5, 2009, Judge Anthony Vollack denied his motion to honor cover sheet elections submitted with the original state court complaint; that on February 5, 2009, Judge Herbert Stern, III, dismissed all of his claims against certain defendants in the state court case; and that on February 17, 2009, Judge Stern dismissed all allegations made in the state court complaint and

---

[1] Mr. Lawson refers elsewhere in the Complaint to Denver District Court case number 2008 CV 8268 as the underlying state court action in which his rights allegedly were violated.

closed the state court case. (*See id.* at Supp. p.3.2; Supp. p. 4.2.) Plaintiff also alleges that the Colorado Court of Appeals subsequently affirmed the dismissal of his Denver District Court complaint.

Mr. Lawson's claims for damages in this action are barred by absolute judicial immunity. Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). It is clear that Mr. Lawson is suing each Defendant for actions taken in his or her judicial capacity and he fails to demonstrate or even allege that Defendants were acting in the clear absence of all jurisdiction. Even if Mr. Lawson alleged that Defendants acted maliciously or corruptly, the doctrine of absolute judicial immunity still applies to the claims he is raising in this action. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). Therefore, the Complaint will be dismissed because Mr. Lawson's claims are barred by absolute judicial immunity.

Finally, the Court is aware that Mr. Lawson has filed two prior actions against state court judges, including one state court judge who also is named as a Defendant in this action, that were dismissed on the same absolute judicial immunity grounds. *See Lawson v. Stern*, No. 09-cv-01294-ZLW (D. Colo. June 18, 2009); *Lawson v. Hoffman*, No. 09-cv-01383 (D. Colo. July 16, 2009). Mr. Lawson is cautioned that the Court will impose appropriate sanctions if he persists in filing actions against state court judges entitled to absolute judicial immunity. Accordingly, it is

3

ORDERED that the Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). It is

FURTHER ORDERED that Plaintiff's motion for appointment of counsel filed on March 19, 2010, is denied as moot.

DATED: March 30, 2010.

BY THE COURT:

*Christine M. Arguello*

---
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00636-BNB

James R. Lawson
764 S. Osage Street
PO Box 9758
Denver, CO 80209-0758

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/31/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk